1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLES E. JOHNSTON,                    Case No.  1:21-cv-01322-BAM (PC)

12                    Plaintiff,             ORDER DIRECTING CLERK OF COURT TO
                                             RANDOMLY ASSIGN DISTRICT JUDGE TO
13          v.                               ACTION

14   CDCR HEALTH CARE, *et al.*,             FINDINGS AND RECOMMENDATIONS TO
                                             DISMISS ACTION, WITH PREJUDICE, FOR
15                    Defendants.            FAILURE TO STATE A CLAIM, FAILURE
                                             TO OBEY COURT ORDER, AND FAILURE
16                                           TO PROSECUTE

17                                           (ECF No. 7)

18                                           **FOURTEEN (14) DAY DEADLINE**

19

20   **I.      Background**

21          Plaintiff Charles E. Johnston ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

22   *forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a

23   United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

24          On September 13, 2021, the Court issued a screening order granting Plaintiff leave to file

25   a first amended complaint or a notice of voluntary dismissal within thirty (30) days.  (ECF No. 7.)

26   The Court expressly warned Plaintiff that the failure to comply with the Court's order would

27   result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court

28   order and for failure to state a claim.  (*Id.* at 10.)  The deadline has expired, and Plaintiff has

                                             1

1  failed to file an amended complaint or otherwise communicate with the Court.

2  **II.**      **Failure to State a Claim**

3          **A.**      **Screening Requirement**

4          The Court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

7  or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

8  relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

9          A complaint must contain "a short and plain statement of the claim showing that the

10  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

11  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell*

13  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

14  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

15  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

16          To survive screening, Plaintiff's claims must be facially plausible, which requires

17  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

18  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

19  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

20  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

21  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

22          **B.**      **Plaintiff's Allegations**

23          Plaintiff is currently housed at California State Prison, at Los Angeles, California.  The

24  events in the complaint are alleged to have occurred at California Correctional Institution

25  ("CCI").  Plaintiff names as defendants: (1) California Department of Corrections and

26  Rehabilitation ("CDCR") Health Care and (2) J. Feliciano.  Plaintiff may be attempting to name

27  "chief executive nurse" at CCI in lieu of CDCR, but it is unclear from the allegations.

28  ///

Plaintiff alleges improper medical treatment.  He alleges as follows:

On 6/30/20 at approximately 6:45 a.m., the nurse passing out medication in housing unit one did not have face mask on during pill line.  Due to COVID-19 pandemic/virus going on, she knowingly and willingly put my health and safety at risk.  When she asked me to come close to the opened section door where the wind/breeze blows in at me and tells me to open my mouth and lift my tongue.  On the front door of housing unit one it is posted that no one is to enter housing unit without face covering.  By this nurses action of asking me to open my mouth and lift my tongue in an area where the breeze/wind blows into my face is blatantly putting my health and safety in jeopardy since she is not wearing a mask.  My medical file can be reviewed because I take my medication as the doctor prescribed it and do not have anyone mentioning in my medical file saying I ever tried to abuse my medication.  So how is a nurse who is supposed to be professional going to put my health and safety in jeopardy by the nurse's actions.  She should be removed from her job and the prison putting me at risk for COVID 19.

(ECF No. 1, p. 3 (grammatically edited for ease of reading).)

Plaintiff alleges he caught COVID-19.  Plaintiff seeks monetary damages of $500,000.

**C.     Discussion**

Plaintiff's complaint fails to comply with Rule 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

**1.     Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57.

Although Plaintiff's complaint is short, it is not a plain statement of his claims.  As a basic matter, the complaint does not clearly state, as to each defendants, what happened, when it happened or who was involved.  Plaintiff's allegations must be based on facts as to what happened and not conclusions.  Plaintiff's allegations are against a "nurse," but only names the

1    LVN.

2                    **2.**      **Linkage Requirement**

3           The Civil Rights Act under which this action was filed provides:

4           Every person who, under color of [state law] . . . subjects, or causes to be
5           subjected, any citizen of the United States . . . to the deprivation of any rights,
            privileges, or immunities secured by the Constitution . . . shall be liable to the
6           party injured in an action at law, suit in equity, or other proper proceeding for
            redress.
7

8    42 U.S.C. § 1983.

9           The statute plainly requires that there be an actual connection or link between the actions

10   of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v.*

11   *Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976).  The Ninth

12   Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right,

13   within the meaning of section 1983, if he does an affirmative act, participates in another's

14   affirmative acts or omits to perform an act which he is legally required to do that causes the

15   deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

16          Plaintiff's complaint fails to link Defendants any to potential constitutional violations.

17   Plaintiff must name individual defendants and allege what each defendant did or did not do that

18   resulted in a violation of his constitutional rights.

19                   **3.**      **Supervisor Liability**

20          Insofar as Plaintiff is attempting to sue "chief executive nurse," or any other defendant,

21   based solely upon his or her supervisory role, he may not do so.  Liability may not be imposed on

22   supervisory personnel for the actions or omissions of their subordinates under the theory of

23   respondeat superior.  *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011,

24   1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v.*

25   *Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

26          Supervisors may be held liable only if they "participated in or directed the violations, or

27   knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045

28   (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v.*

                                                        4

1     *Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  Supervisory liability may also exist without any

2     personal participation if the official implemented "a policy so deficient that the policy itself is a

3     repudiation of the constitutional rights and is the moving force of the constitutional violation."

4     *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations

5     marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

6         To prove liability for an action or policy, the plaintiff "must . . . demonstrate that his

7     deprivation resulted from an official policy or custom established by a . . . policymaker possessed

8     with final authority to establish that policy."  *Waggy v. Spokane Cty. Wash.*, 594 F.3d 707, 713

9     (9th Cir. 2010).  When a defendant holds a supervisory position, the causal link between such

10    defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v.*

11    *Staple*y, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

12    1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in

13    civil rights violations are not sufficient.  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir.

14    1982).

15         Plaintiff's conclusory statements, without factual support, are insufficient to state a

16    cognizable claim of supervisory liability.  *See Iqbal*, 556 U.S. at 678.  Plaintiff has failed to allege

17    facts to support that any supervisory Defendant participated in or directed the violations, or knew

18    of the violations and failed to act to prevent them.  Plaintiff also has failed to plead facts showing

19    that any policy was a moving force behind the alleged constitutional violations.  *See Willard v.*

20    *Cal. Dep't of Corr. & Rehab.*, No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014)

21    ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff

22    must identify a specific policy and establish a 'direct causal link' between that policy and the

23    alleged constitutional deprivation.").

24         **4.**      **Eleventh Amendment Immunity**

25         To the extent Plaintiff is seeking to sue CDCR or CDCR Health Care, he is barred by the

26    Eleventh Amendment.  "The Eleventh Amendment bars suits for money damages in federal court

27    against a state, its agencies, and state officials acting in their official capacities."  *Aholelei v.*

28    *Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).  Indeed, the Eleventh Amendment

1    prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief

2    is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by

3    the state or a valid congressional override . . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th

4    Cir. 1999).  "The Eleventh Amendment bars suits which seek either damages or injunctive relief

5    against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund*

6    *Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and

7    citations omitted), cert. denied, 538 U.S. 961 (2003).  "The State of California has not waived its

8    Eleventh Amendment immunity with respect to claims brought under § 1983 in federal

9    court . . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S.

10   234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009)

11   (finding California Department of Corrections and California Board of Prison Terms entitled to

12   Eleventh Amendment immunity).  As CDCR Health Care is within CDCR and CDCR is a state

13   agency, it is therefore immune from suit under the Eleventh Amendment.  *Pennhurst State Sch. &*

14   *Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (holding that Eleventh Amendment immunity

15   extends to state agencies.)

16                    **5.     Deliberate Indifference to Conditions of Confinement**

17          Plaintiff presents his Eighth Amendment claims as conditions of confinement claims

18   rather than a deliberate indifference to serious medical needs.[1]  He challenges the exposure to

19   COVID due to the overcrowded and other conditions.

20          Conditions of confinement may, consistent with the Constitution, be restrictive and harsh.

21   *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045

22   (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d

23   1521, 1531 (9th Cir. 1993) (en banc).  Prison officials must, however, provide prisoners with

24   "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*,

25   801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by *Sandin v. Connor*,

26

27   _____
     [1] It is not clear that Plaintiff's allegations are for deliberate indifference to medical care.
     Plaintiff's allegations challenge the manner upon which he contracted COVID-19, not any
28   treatment.

6

1    515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v.*

2    *Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132–33 (9th Cir.

3    1981).

4            Two requirements must be met to show an Eighth Amendment violation. *Farmer*, 511

5    U.S. at 834. "First, the deprivation must be, objectively, sufficiently serious." *Id.* (internal

6    quotation marks and citation omitted). Second, "prison officials must have a sufficiently culpable

7    state of mind," which for conditions of confinement claims, "is one of deliberate indifference."

8    *Id.* (internal quotation marks and citation omitted). Prison officials act with deliberate

9    indifference when they know of and disregard an excessive risk to inmate health or safety. *Id.* at

10   837. The circumstances, nature, and duration of the deprivations are critical in determining

11   whether the conditions complained of are grave enough to form the basis of a viable Eighth

12   Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the

13   part of a prison official is not sufficient to establish liability, but rather, the official's conduct

14   must have been wanton. *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.

15   1998).

16           Extreme deprivations are required to make out a conditions of confinement claim, and

17   only those deprivations denying the minimal civilized measure of life's necessities are

18   sufficiently grave to form the basis of an Eighth Amendment violation. *Farmer*, 511 U.S. at 834;

19   *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the

20   deprivations are critical in determining whether the conditions complained of are grave enough to

21   form the basis of a viable Eighth Amendment claim. *Johnson*, 217 F.3d at 731. The Eighth

22   Amendment "requires that inmates be furnished with the basic human needs, one of which is

23   'reasonable safety,' " and "hold[ing] convicted criminals in unsafe conditions" constitutes cruel

24   and unusual punishment. *Id.* at 33 (upholding a prisoner's Eighth Amendment claim that he faced

25   possible future harm from exposure to environmental tobacco smoke). Second, the prison official

26   must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety . . . ." *Farmer*, 511

27   U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying

28   humane conditions of confinement only if he knows that inmates face a substantial risk of harm

1   and disregards that risk by failing to take reasonable measures to abate it.  *Id.* at 837–45.

2         It is clear that COVID-19 poses a substantial risk of serious harm.  *See Plata v. Newsom*,

3   445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses

4   a substantial risk of serious harm" to prisoners.); *see also Williams v. Dirkse*, No. 1:21-cv-00047-

5   BAM (PC), 2021 U.S. Dist. LEXIS 103673, at *22–23 (E.D. Cal. June 2, 2021) ("The

6   transmissibility of the COVID-19 virus in conjunction with [the prisoner plaintiff's] living

7   conditions are sufficient to satisfy that 'conditions put the plaintiff at substantial risk of suffering

8   serious harm.' "); accord *Sanford v. Eaton*, No. 1:20-CV-00792-BAM(PC), 2021 WL 3021447, at

9   *7 (E.D. Cal. July 16, 2021); *Benitez v. Sierra Conservation, Center, et al.*, No. 1:21-CV-00370

10  BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) (The transmissibility of the

11  COVID-19 virus in conjunction with Plaintiff's living conditions, which he alleges were

12  overcrowded and poorly ventilated, are sufficient to satisfy the objective prong).

13        Plaintiff has failed to satisfy the objective prong.  Plaintiff fails to allege any extreme

14  deprivations.  Plaintiff alleges he was asked by a person who was unmasked, to open his mouth in

15  open air, with wind blowing, at the opened front door of his housing unit.  This circumstance is

16  not an extreme deprivation.

17        Plaintiff also fails to allege the subjective prong.  Plaintiff fails to allege that the

18  unmasked person who asked him to open his mouth knew of and disregarded an excessive risk to

19  inmate health or safety or if he said anything to this person in this regard.  Plaintiff's conclusory

20  allegations and threadbare recital of the elements are insufficient.  It appears that the incident

21  occurred near and possibly in open air, which does not indicate a disregard of risk to safety.

22  Negligence by the nurse is not cognizable as a §1983 claim.  The Court is not discounting

23  Plaintiff's concerns about contracting COVID-19.  However, nothing in his complaint suggests

24  that any defendant disregarded the risk Plaintiff faced.  Accordingly, he fails to state a claim

25  against them.

26                    **6.      Violation of Title 15**

27        Plaintiff may be alleging a violation of Title 15, because the person who asked him to

28  open his mouth was not wearing a mask in violation of signage.

                                8

To the extent that defendants have not complied with applicable state statutes or prison regulations regarding inmate property, this deprivations does not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996)); *see Davis v. Kissinger*, No. CIV S-04-0878-GEB-DAD-P, 2009 WL 256574, *12 n. 4 (E.D. Cal. Feb. 3, 2009). Nor is there any liability under § 1983 for violating prison policy. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Thus, the violation of any state law or regulation that reaches beyond the rights protected by the federal Constitution and/or the violation of any prison regulation, rule or policy does not amount to a cognizable claim under federal law, nor does it amount to any independent cause of action under § 1983. Accordingly, plaintiff cannot maintain a § 1983 claim for violations of Title 15 or other California law.

### III.     Failure to Prosecute and Failure to Obey a Court Order

#### A.     Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Discussion

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's orders. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's September 13, 2021 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 7, p. 10.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is

likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.     Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a Court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.


Dated:   __**November 2, 2021**__          _____ /s/ *Barbara A. McAuliffe*_____
                                                            UNITED STATES MAGISTRATE JUDGE

11