# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. JOHNSTON,<br><br>Plaintiff,<br><br>v.<br><br>CDCR HEALTH CARE, *et al.*,<br><br>Defendants. | Case No.  1:21-cv-01322-NONE-BAM (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br><br>(ECF No. 13)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Charles E. Johnston ("Plaintiff") is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint was screened, and Plaintiff was granted leave to amend.  Plaintiff's first amended complaint, filed on November 17, 2021, is currently before the court for screening.  (Doc. 13.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, at Los Angeles, California.  The events in the complaint are alleged to have occurred at California Correctional Institution ("CCI").  Plaintiff names as defendants: (1) John Doe, CMO/CME, (2) LVN J. Feliciano, (3) S. Gates, CDCR Healthcare Chief, at CDCR headquarters, (4) F. Roberts, CDCR Healthcare supervising Nurse II, (5) J. Orrantia, CDCR Healthcare Chief Executive Nurse, (6) K. Witcher, CDCR Healthcare HCA/RN, (7) U. Banigor, CDCR Healthcare Chief physician and surgeon, (8) Nguyen, CDCR Healthcare primary care physician.

In claim 1, Plaintiff alleges an Eighth Amendment violation of a threat to safety.  Plaintiff alleges as follows:

> "LVN J. Feliciano knew of and disregarded an excessive risk to my health and safety by coming to work positive with COVID 19.  Under the Constitution, prison officials need provide care only for "serious medical needs." Some courts have held that a medical need is serious if it "has been diagnosed by a physician" as mandating treatment as is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.  A medical condition may also be serious if it significantly affects an individuals daily activities." (*edited for spelling only*)

In claim 2, Plaintiff alleges an Eighth Amendment violation for denial of medical care. Plaintiff alleges as follows:

> "Conditions violated to the Eighth Amendment with respect to the living conditions, basic human needs and medical care and reasonable safety.  Defendants clearly raised Eighth Amendment concerns which unjustifiably inflicted pain and injuries of me catching COVID 19 by listed above defendants." (*edited for spelling only*)

In claim 3, Plaintiff alleges an Eighth Amendment violation for "retaliation." Plaintiff alleges as follows:

> "My Eighth Amendment conditions that Defendants acted with deliberate indifference involve their (neglect and carelessness) with intent to cause harm.  That is my amounts of recklessness with their knowledge and discard to my human health and safety.  These defendants should have known of the risks or of cruel conditions of her not wearing a mask and distributing medications.  Defendants' awareness of a right of harm in part by considering the pattern of treatment that inmate generally receive as a result of the challenged practice Covid-19." (*edited for spelling only*)

Plaintiff alleges he caught Covid 19 on 1-15-21.  Plaintiff seeks monetary damages of $500,000 per defendant and an injunction for all medical staff to be re-trained.

**III.    Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.  Despite being provided relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic

matter, the complaint does not clearly state, as to each defendants, what happened, when it happened or who was involved. Indeed, the first amended complaint has fewer facts than the original complaint and relies upon mere recitals of elements of a cause of action. Plaintiff has failed to include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8. Plaintiff has been unable to cure this deficiency.

**B. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff's complaint fails to link any Defendant, except potentially LVN J. Feliciano, to any constitutional violations. In the Court's screening order, Plaintiff was informed that he must name individual defendants and allege what each defendant did or did not do that resulted in a violation of his constitutional rights. Plaintiff has failed to allege what each individual defendant did or did not do that caused the asserted deprivation.

**C. Supervisor Liability**

Insofar as Plaintiff is attempting to sue any defendant based solely upon his or her supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City*

*of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must... demonstrate that his deprivation resulted from an official policy or custom established by a... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's conclusory statements, without factual support, are insufficient to state a cognizable claim of supervisory liability. *See Iqbal*, 556 U.S. at 678. Plaintiff has failed to allege facts to support that any supervisory Defendant participated in or directed the violations, or knew of the violations and failed to act to prevent them. Plaintiff also has failed to plead facts showing that any policy was a moving force behind the alleged constitutional violations. See *Willard v. Cal. Dep't of Corr. & Rehab.*, No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation.").

5

**D.     Deliberate Indifference to Conditions of Confinement**

Plaintiff presents his Eighth Amendment claims as conditions of confinement claims rather than a deliberate indifference to serious medical needs.[1] He challenges contracting COVID possibly due to one individual's failure to mask.

Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. *Farmer*, 511 U.S. at 834. "First, the deprivation must be, objectively, sufficiently serious." *Id.* (internal quotation marks and citation omitted). Second, "prison officials must have a sufficiently culpable state of mind," which for conditions of confinement claims, "is one of deliberate indifference." *Id.* (internal quotation marks and citation omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. *Id.* at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently

---

[1] It is not clear that his allegations are for deliberate indifference to medical care. Plaintiff's allegations challenge the manner upon which he contracted COVID-19, not any treatment.

grave to form the basis of an Eighth Amendment violation. *Farmer*, 511 U.S. at 834; *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson*, 217 F.3d at 731. The Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety,' " and "hold[ing] convicted criminals in unsafe conditions" constitutes cruel and unusual punishment. *Id.* at 33 (upholding a prisoner's Eighth Amendment claim that he faced possible future harm from exposure to environmental tobacco smoke).  Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety...." *Farmer*, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

It is clear that COVID-19 poses a substantial risk of serious harm. See *Plata v. Newsom*, 445 F.Supp.3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.); *see also Williams v. Dirkse*, No. 1:21-cv-00047-BAM (PC), 2021 U.S. Dist. LEXIS 103673, at *22–23 (E.D. Cal. June 2, 2021) ("The transmissibility of the COVID-19 virus in conjunction with [the prisoner plaintiff's] living conditions are sufficient to satisfy that 'conditions put the plaintiff at substantial risk of suffering serious harm.' "); accord *Sanford v. Eaton*, No. 1:20-CV-00792-BAM(PC), 2021 WL 3021447, at *7 (E.D. Cal. July 16, 2021); *Benitez v. Sierra Conservation, Center, et al.,* No. 1:21-CV-00370 BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) (The transmissibility of the COVID-19 virus in conjunction with Plaintiff's living conditions, which he alleges were overcrowded and poorly ventilated, are sufficient to satisfy the objective prong).

Plaintiff has failed to satisfy the objective prong.  Plaintiff fails to allege any extreme deprivations. Plaintiff alleges he caught Covid 19 on January 15, 2021.  He does not link that any individual had COVID 19 with whom Plaintiff was in contact or that any circumstance was an extreme deprivation.  Plaintiff does not set forth facts that establishing extreme deprivation.

Plaintiff also fails to allege the subjective prong.  Plaintiff fails to allege that the

7

unmasked person knew of and disregarded an excessive risk to inmate health or safety or if he said anything to this person in this regard. Plaintiff's conclusory allegations and thread bare recital of the elements are insufficient. The Court is not discounting Plaintiff's concerns about contracting COVID-19. However, his complaint does not support any facts that any defendant disregarded the risk Plaintiff faced. Plaintiff does not allege any facts that the unmasked person came in contact with Plaintiff or that she knew she had Covid during any purported contact. Accordingly, he fails to state a claim against defendants.

### IV. Conclusion and Order

For the reasons stated, Plaintiff's first amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 14, 2021**            /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE