UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. JOHNSTON,<br><br>        Plaintiff,<br><br>   v.<br><br>CDCR HEALTH CARE, *et al.*,<br><br>        Defendants. | No. 1:21-cv-01322-JLT-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 14) |

      Charles E. Johnston is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On December 15, 2021, the assigned magistrate judge screened the first amended complaint and issued findings and recommendations recommending that this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted. (Doc. 14.) Plaintiff was directed to file objections within fourteen (14) days. (*Id.*) On December 29, 2021, in lieu of filing objections, Plaintiff lodged a second amended complaint. (Doc. 15.) The deadline for Plaintiff to file his objections has expired, and Plaintiff has not otherwise communicated with the court.

      Plaintiff's lodged second amended complaint reasserts his claims using nearly identical language as the first amended complaint. (*Compare* Doc. 13, pp. 5–7 *with* Doc. 15, pp. 3, 29,

1  62.)  In an apparent attempt to address the magistrate judge's findings and recommendations to
2  dismiss this action for failure to state a claim, Plaintiff has included with his second amended
3  complaint more than 70 pages of exhibits, unincorporated by reference and unexplained by any
4  allegations.

5  While "much liberality is allowed in construing pro se complaints, a pro se litigant cannot
6  simply dump a stack of exhibits on the court and expect the court to sift through them to
7  determine if some nugget is buried somewhere in that mountain of papers, waiting to be
8  unearthed and refined into a cognizable claim." *Samtani v. City of Laredo*, 274 F. Supp. 3d 695,
9  698 (S.D. Tex. 2017).  "The Court will not comb through attached exhibits seeking to determine
10 whether a claim possibly could have been stated where the pleading itself does not state a claim.
11 In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-
12 CV-01063-PMP-GWF, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

13 Although Plaintiff was not granted further leave to amend, the court has reviewed the
14 lodged second amended complaint.  However, because Plaintiff has merely repeated the same
15 factual allegations and attached unexplained exhibits to the same, the court finds that it again fails
16 to cure the deficiencies identified by the magistrate judge's findings and recommendations.

17 In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a
18 *de novo* review of the case.  Having carefully reviewed the entire file, including the lodged
19 second amended complaint, the court concludes that the magistrate judge's findings and
20 recommendations are supported by the record and by proper analysis.

21 Accordingly, IT IS HEREBY ORDERED as follows:
22 1. The findings and recommendations issued on December 15, 2021, (Doc. 14), are adopted
23    in full;
24 2. This action is dismissed, with prejudice, for failure to state a cognizable claim upon which
25    relief may be granted; and
26 ///
27 ///
28 ///

3.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **January 20, 2022**                          _____
                                                       UNITED STATES DISTRICT JUDGE